```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED: 3/27/2023
-------------------------------------------------------------- X
                                                :
   UNITED STATES OF AMERICA,                    :
                                                :
               -v-                              :       1:16-cr-440-GHW
                                                :
   VANESSA VAZQUEZ,                             :           ORDER
                                                :
                             Defendant.         :
-------------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

The March 20, 2023 application for early termination of Vanessa Vazquez's supervised release is denied. Dkt. No. 102 (the "Application"). Section 3583(e) provides that a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). In evaluating an application, the court must consider the relevant factors under 18 U.S.C. § 3553(a), "such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997). District courts are not required to make specific findings of fact with respect to the relevant 3553(a) factors. Instead, "a statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) (quoting *United States v. Gelb*, 944 F.2d 52, 56–57 (2d Cir. 1991)) (internal quotation and alteration marks omitted).

Early termination "is not warranted as a matter of course." *United States v. Fenza*, No. CR 03–0921(ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release

and does not warrant early termination." *Id.* "Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant . . . —will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

The Court has considered the applicable factors under 18 U.S.C. § 3553(a) and concludes that Ms. Vazquez's Application should be denied. Ms. Vazquez's counsel asserts that her supervised release should be terminated early because she has remained in full compliance with the terms of her supervised release. Application at 1. She has "rebuilt a stable home environment." *Id.* at 2. She is living with her two children and her partner. Furthermore, Ms. Vazquez is engaged with her family and has been gainfully employed since her release. *Id.*

Ms. Vazquez's successful compliance with the conditions of his supervised release, her employment, her dedication to her family, and the other accomplishments detailed in the Application are all worthy of praise. But, at the same time, this is "what is expected of a person under . . . supervised release and does not warrant early termination." *United States v. Fenza*, 2013 WL 3990914, at *2. Ms. Vazquez points to no new or unforeseen circumstances, and no exceptionally good behavior or other factors that might warrant early termination.

Having duly considered all of the applicable factors, the Court concludes that there is no basis to terminate Ms. Vazquez's supervised release early.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 102.

SO ORDERED.

Dated: March 27, 2023
       New York, New York

_____
GREGORY H. WOODS
United States District Judge